**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**TARSHEIKA THOMAS,**

**Plaintiff,**

**v.** **CASE NO. 3:23-cv-01110-MMH-MCR**

**CREDENCE RESOURCE MANAGEMENT, LLC and RESURGENT CAPITAL SERVICES, L.P.,**

**Defendants.**
________________________________/

**DEFENDANT RESURGENT CAPITAL SERVICES, L.P.'S
MOTION TO DISMISS WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Resurgent Capital Services, L.P. ("Resurgent") moves this Honorable Court to dismiss Plaintiff Tarsheika Thomas's Complaint with prejudice because it fails to state a claim upon which relief can be granted. In support of its Motion to Dismiss, Resurgent states as follows:

1. On September 21, 2023, Plaintiff filed her Complaint alleging Resurgent violated 15 U.S.C. § 1681b(f) of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1692e(10) of the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 501.201 *et seq.*, the Florida Deceptive and Unfair Trade Practices Act (the "FDUPTA"). *See Doc. 1.*

2. For the reasons set forth in its incorporated Memorandum of Law, Resurgent seeks a dismissal of Plaintiff's Complaint with prejudice because it fails to state any claim upon which relief can be granted in violation of Fed. R. Civ. 12(b)(6).

WHEREFORE, Defendant Resurgent Capital Services, L.P. respectfully requests this Honorable Court dismiss Plaintiff Tarsheika Thomas' Complaint with prejudice and grant any such further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Plaintiff opened, used, and eventually defaulted on a credit card account that originated with Navy Federal Credit Union. On August 27, 2021, Navy Federal Credit Union charged off the account and, through a series of purchases and transfers, assigned all rights, title, and interest in the account to LVNV Funding, LLC. Resurgent serviced the account on LVNV's behalf and, as part of that servicing, Resurgent made a credit report inquiry of Plaintiff for the permissible purpose of collecting Plaintiff's account.

Plaintiff's FCRA, FDCPA, and FDUPTA claims are all premised upon the allegation that Resurgent lacked a permissible purpose for pulling a credit report inquiry of Plaintiff on April 7, 2023. *Id.* at ¶¶ 11 – 17, 31, 35, and 40. But the Complaint also alleges that Resurgent is a debt collector, and a debt collector is

permitted to make a credit report inquiry for the permissible purpose of collecting an account. *Id*. at ¶ 8; *Corcoran v. UHG I LLC,* 2021 U.S. Dist. LEXIS 241515, *5 - *6 (S.D. Fla. 2021) ("Courts have routinely held that debt collectors may obtain and use a credit report in connection with the collection of a debt.") (collecting cases). Therefore, even accepting the allegations of the Complaint as true and construing those allegations in the light most favorable to Plaintiff, the Complaint fails to state a claim upon which relief may be granted as a matter of law. And since an amendment cannot cure its deficiencies and would be futile, the Complaint should be dismissed with prejudice.

## II. STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)). However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)). In deciding a motion to dismiss, the Court must accept the complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir.2010).

A district court may dismiss a complaint with prejudice when granting leave to amend would be futile. *W. Sur. Co. v. Steuerwald*, 760 F.App'x 810, 814 (11th Cir. 2019); *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1238-40 (11th Cir. 2000); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319-20 (11th Cir. 1999); *Doss v. Holder*, 2023 U.S. Dist. LEXIS 173672, *40 (M.D. Fla. 2023) ("Leave to amend

is not needed when it would be futile.") citing *Forman v. Davis*, 371 U.S. 178, 182 (1962).

## III. ARGUMENT

### *i. Plaintiff's Complaint fails to state a claim upon which relied may be granted under the FCRA, FDCPA, and FDUPTA.*

The FCRA outlines several permissible purposes for obtaining an individual's credit report. One such purpose is the use of credit information in connection with "collection of an account of" the consumer. 15 U.S.C. § 1681b(a)(3)(A). Courts have consistently held that debt collectors may obtain and use credit reports in connection with the collection of debts. *See, e.g., Rumbough v. Experian Information Solutions, Inc.*, 626 Fed.Appx. 224, 226 (11th Cir. 2015) ("The FCRA describes certain permissible purposes for furnishing consumer reports…[f]urnishing a consumer report to a person who intends to use the information for the "extension of credit" or the "collection of an account" is also permissible."); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that accessing a consumer's credit report to collect a debt is a permissible purpose); *Moore v. Mandarich Law Grp., LLP*, 2023 U.S. Dist. LEXIS 20201, *4 - *5 (S.D. Fla. 2023) ("Courts have routinely held that debt collectors may obtain and use a credit report in connection with the collection of a debt—and that such use is not a violation of the FCRA."); *Farrell v. Frederick J. Hanna & Assocs.,* 2014 U.S. Dist. LEXIS 192445, *5 (M.D. Fla. 2014) ("[A] debt collector is permitted to access

a consumer's credit report for the purpose of reviewing a creditor's account with the consumer and collecting a debt") (collecting cases); *McKernan v. Diversified Consultants, Inc.*, 2015 U.S. Dist. LEXIS 181043, *5 (M.D. Fla. 2015) ("The FCRA allows a collection agency to obtain a consumer credit report if it uses the report 'in connection with a transaction that the consumer initiated with the creditor.' This may include such activities as collecting on an account after being retained by a creditor or reviewing an account.") (internal quotations and citations omitted); *Foote v. Cont'l Serv. Group*, 2018 U.S. Dist. LEXIS 101010, *5 (M.D. Fla. 2018) ("[T]he FCRA allows a debt collector to access a consumer's credit report to review a creditor's account to collect a debt."); *Flores v. I.C. Sys.,* 2014 U.S. Dist. LEXIS 48333, *7 - *8 (S.D. Fla. 2014) ("A credit report may be provided in connection with a credit transaction involving the consumer on whom the information to be furnished and involving…the review or collector of an account of the consumer.") (internal citations and quotations omitted).

Plaintiff's FCRA, FDCPA, and FDUPTA claims all turn on her allegation that Resurgent lacked a permissible purpose for obtaining her credit information on April 7, 2023. *Doc. 1.* at ¶¶ 11 – 17, 31, 35, and 40. The Complaint also alleges that Resurgent is a debt collector. *Id.* at ¶ 8. Since a debt collector is permitted to make a credit report inquiry for the permissible purpose of collecting an account, the

Complaint fails to state a claim upon which relief can be granted under the FCRA, FDCPA, and FDUPTA. *Id*. at ¶ 8.

Plaintiff alleges she never initiated a consumer credit transaction, never had an account, and never entered into any contract with Resurgent. *Id.* at ¶¶ 15 - 17. These allegations are immaterial. In *Little v. Asset Acceptance, LLC,* a consumer alleged a debt collector violated the FCRA when it accessed her credit report. 2013 U.S. Dist. LEXIS 202335, *2 (S.D. Fla. 2013). The consumer argued the debt collector had no permission to access her consumer report because the consumer had never applied to the debt collector for credit and did not "maintain an account" with the debt collector. *Id.* The Court rejected the consumer's arguments, stating, "Plaintiff's allegations that she never applied to Defendant for credit and that she does not maintain an account of any type with Defendant fails to establish that Defendant's activities were impermissible" because "it is not necessary for Plaintiff to have had direct dealings with Defendant in order for Defendant to lawfully obtain a consumer report." *Id.* at *11. Thus, even accepting her allegations as true, dismissal is nonetheless warranted. As the Ninth Circuit observed, "…§1681b(a)(3)(A) [of the FCRA] allows a third-party to obtain a consumer's credit report without having a previous relationship with the consumer and without the consumer initiating the transaction." *Nayab v. Capital One Bank USA,* 942 F.3d 480, 488 (9th Cir. 2019).

*ii. Plaintiff's FDUPTA claim fails to state a claim upon which relief can be granted because, as a matter of law, FDUPTA does not apply to debt collection activities.*

The Complaint alleges Resurgent violated FDUPTA because it did not have a permissible purpose, and otherwise used deceptive and unfair practices, to obtain her consumer report. *Doc. 1*, ¶ 40. But FDUPTA only creates a cause of action for "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Williams v. Nationwide Credit, Inc.*¸890 F. Supp. 2d 1319, 1321 (S.D. Fla. 2012) (*quoting* Fla. Stat. § 501.204(1)). And courts consistently hold that debt collection activities are not "trade or commerce" for FDUPTA purposes because debt collection activities are "not an attempt to advertise, solicit, provide, offer, or distribute any good or services or a thing of value." *Id.* (collecting cases); *Blake v. Seterus, Inc.*, 2017 U.S. Dist. LEXIS 18561, *5 (S.D. Fla. 2017) ("A FDUPTA claim cannot be asserted against a defendant who is simply collecting a debt.") (collecting cases); *Owens-Benniefeld v. Nationstar Mortg. LLC*, 258 F.Supp.3d 1300, 1320-21 (M.D. Fla. 2017) (dismissing FDUPTA claim because debt collection activities are not "trade or commerce" under FDUPTA); *Mendez v. JFK Med. Ctr. Lt'd. P'ship*, 2018 U.S. Dist. 181188 (S.D. Fla. 2018) (granting summary judgment in favor of debt collector because "[s]imply put, FDUPTA does not apply to debt collection activities…").

FDPUTA is thus not applicable here. As a result, Count III of Plaintiff's Complaint fails to state a claim upon which relief could be granted, warranting dismissal.

*iii. Because Plaintiff's FCRA, FDCPA, and FDUPTA claims fail as a matter of law, leave to amend would be futile and the Court should dismiss Plaintiff's Complaint with prejudice.*

A district court need not grant leave to amend, even to a *pro se* plaintiff, before a dismissal with prejudice if the amendment would futile. *Collar v.* Rivera, 823 Fed. Appx. 710, 711-12 (11th Cir. 2020); *Griffin v. Publix Super Mkts., Inc.*, 2016 U.S. Dist. LEXIS 190109, *6 (M.D. Fla. 2016) ("While a *pro se* plaintiff must generally be granted at least one opportunity to amend a complain before dismissal with prejudice, this rule does not apply when a more carefully drafted complaint could not state a claim and is, therefore, futile.") *quoting Carter v. HSBC Mortg. Services, Inc.*, 622 Fed. App'x 783, 786 (11th Cir. 2005). Again, Plaintiff's FCRA, FDCPA, and FDUPTA claims all turn on her allegation that Resurgent lacked a permissible purpose for obtaining her credit information on April 7, 2023. *Doc. 1.* at ¶¶ 11 – 17, 31, 35, and 40. The Complaint also alleges that Resurgent is a debt collector. *Id.* at ¶ 8. Since a debt collector is permitted to make a credit report inquiry for the permissible purpose of collecting an account as a matter of law, even a more carefully drafted complaint would not state any claim and leave to amend would be futile, warranting dismissal with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendant Resurgent Capital Services, L.P. respectfully request this Honorable Court enter an Order granting its Motion and dismissing Plaintiff's Complaint with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel for Defendant Resurgent Capital Services, L.P. hereby certifies that he conferred with Plaintiff Tarsheika Thomas via telephone on February 14, 2024 and Plaintiff indicated she opposes this Motion to Dismiss in its entirety.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN B. WALSH, ESQUIRE
FL Bar No. 28179
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
*Counsel for Defendant Resurgent Capital Services, LP*

Dated: February 15, 2024

**CERTIFICATE OF SERVICE**

I certify that on February 15, 2024, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN B. WALSH, ESQUIRE
FL Bar No. 28179
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
*Counsel for Defendant Resurgent Capital Services, LP*

Dated: February 15, 2024