UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TARSHEIKA THOMAS,

    Plaintiff,

v.                                      Case No. 3:23-cv-1110-MMH-MCR

CREDENCE RESOURCE
MANAGEMENT, LLC, and
RESURGENT CAPITAL
SERVICES, L.P.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On September 21, 2023, Plaintiff Tarsheika Thomas initiated this action, pro se, by filing a Complaint for a Civil Case (Doc. 1). Defendants have moved to dismiss the Complaint. See Defendant, Credence Resource Management, LLC's Motion to Dismiss Pursuant to FRCP 12(B)(6) and Incorporated Memorandum of Law (Doc. 12; Credence Motion), filed February 6, 2024; Defendant Resurgent Capital Services, L.P.'s Motion to Dismiss with Prejudice and Incorporated Memorandum of Law (Doc. 17; Resurgent Motion), filed February 15, 2024. However, the Court will not take up the Motions to Dismiss at this time. Rather, upon review, the Court finds that the Complaint is improperly drafted

and due to be stricken. As such, the Court will provide Thomas with the opportunity to file an amended complaint and deny the Motions to Dismiss as moot.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

In citing to Riley, the Court notes it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight."  See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).  As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

The most common type of shotgun pleading is one that involves a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  See Weiland, 792 F.3d at 1321 & n.11 (collecting cases).  As a result, "most of the

counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Thomas commits this exact error in that Counts II and III of the Complaint reincorporate all allegations of all the preceding counts. See Complaint ¶¶ 33, 39. As such, the Court will strike the Complaint as an impermissible shotgun pleading and direct Thomas to file an amended complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460-61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement.").

In drafting her amended complaint, Thomas should carefully review this Order as well as the arguments raised in the Motions to Dismiss. Further opportunities to amend are unlikely and failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice. In addition, Thomas must ensure that her amended complaint and any future filings comply with the typography requirements of this Court. See Local Rule 1.08.[2]

---

[2] Specifically, this Local Rule provides a list of acceptable typefaces, and requires the main text of any filing to be double-spaced with at least a 13-point font size. The Court notes

Thomas should also review the resources available for pro se litigants before filing an amended complaint. The Court encourages Thomas to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Thomas may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[3] In accordance with the foregoing, it is

**ORDERED**:

1. Plaintiff's Complaint for a Civil Case (Doc. 1) is **STRICKEN**.

---

that Plaintiff's responses to the Motions to Dismiss do not comply with these requirements. See Response (Doc. 21); Response (Doc. 22), both filed February 20, 2024. Because the Court will deny the Motions to Dismiss as moot, the Court finds it unnecessary to strike Plaintiff's Responses at this time. However, Plaintiff is cautioned that future filings which fail to comply with the typography rules, particularly the font-size and double-spacing requirements, will be stricken.

[3] If Thomas chooses to continue to proceed without the assistance of an attorney, the Court recommends that she visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Thomas does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Plaintiff may file an amended complaint consistent with the directives of this Order on or before **March 18, 2024**. Failure to do so may result in a dismissal of this action.

3. Defendant, Credence Resource Management, LLC's Motion to Dismiss Pursuant to FRCP 12(B)(6) and Incorporated Memorandum of Law (Doc. 12) and Defendant Resurgent Capital Services, L.P.'s Motion to Dismiss with Prejudice and Incorporated Memorandum of Law (Doc. 17) are **DENIED as MOOT**.

4. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of February, 2024.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties